Courtney Lowery (Bar No. 036888)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
courtney@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| Josephine Havey, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>The Countertop Factory Southwest, LLC,<br><br>Defendant. | NO. 4:22-cv-<br><br>**ORIGINAL COMPLAINT—COLLECTIVE ACTION** |

Plaintiff Josephine Havey ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Courtney Lowery of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action ("Complaint") against Defendant The Countertop Factory Southwest, LLC (collectively "Defendant" or "Defendants"), states and alleges as follows:

## I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff was employed by and performed work for Defendant in Pima County. Therefore, venue is proper within the Tucson Division of the District of Arizona pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff is an individual and resident of Pima County.

6. Defendant is a domestic limited liability company.

7. Defendant's registered agent for service of process is Corporation Service Company, at 8825 North 23rd Avenue, Suite 100, Phoenix, Arizona 85021.

8. Defendant maintains a website at https://tcfmidwest.com/.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

11. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

12. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

13. Defendant employed Plaintiff as a Project Manager from May of 2021 until March of 2022.

14. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and paid her an hourly wage.

15. In addition to her hourly wage, Plaintiff earned commissions based on sales made to Defendant's customers.

16. Defendant also employed other hourly employees who also earned commissions (hereinafter, "Hourly-Commission Employees") within the three years preceding the filing of this Complaint.

17. Defendant classified other Hourly-Commission Employees as nonexempt from the overtime requirements of the FLSA.

18. Defendant directly hired Plaintiff and other Hourly-Commission Employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

19. Plaintiff and other Hourly-Commission Employees regularly or occasionally worked over forty hours per week throughout their tenure with Defendant.

20. Defendant did not include the commissions that Plaintiff and other Hourly-Commission Employees earned in their regular rate when calculating their overtime pay.

21. 29 C.F.R. § 778.117 states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

22. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as commissions, in the regular rate when calculating Plaintiff's and other Hourly-Commission Employees' overtime pay.

23. Upon information and belief, Defendant's pay practices were similar or the same for all Hourly-Commission Employees.

24. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a

centralized human resources policy implemented uniformly from the corporate headquarters.

25. At all relevant times herein, Defendant has deprived Plaintiff and Hourly-Commission Employees of proper overtime compensation for all of the hours worked over forty per week.

26. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Hourly-Commission Employees violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

27. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

28. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

   B. Liquidated damages; and

   C. Attorney's fees and costs.

29. Plaintiff proposes the following collective under the FLSA:

> **All hourly employees who were paid any commissions within the past three years for sales made during weeks in which they worked more than 40 hours.**

30. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

31. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

32. The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A. They were paid hourly;

   B. They earned commissions:

   C. They worked over forty hours in at least one week in which they performed work related to a commission; and

   D. They were subject to Defendant's common policy of failing to include the commission in their regular rate for the purpose of calculating their overtime pay.

33. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 10 persons.

34. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

35. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

36. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

37. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

38. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

39. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

40. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

41. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

42. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x her regular rate for all hours worked in excess of 40 per week.

43. Defendant knew or should have known that its actions violated the FLSA.

44. Defendant's conduct and practices, as described above, were willful.

45. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

46. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
**(Collective Action Claim for Violation of the FLSA)**

48. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

49. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

50. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

52. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

53. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

54. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

55. Defendant knew or should have known that its actions violated the FLSA.

56. Defendant's conduct and practices, as described above, were willful.

57. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

58. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of

liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

59. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Josephine Havey, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

DATED this 23rd day of May, 2022.

                                                           Courtney Lowery
                                                          Ariz. Bar No. 036888
                                                          courtney@sanfordlawfirm.com