1   Sean Short (Ark. Bar No. 2015079)
    Sanford Law Firm, PLLC
2   Kirkpatrick Plaza
    10800 Financial Centre Pkwy, Suite 510
3   Little Rock, Arkansas 72211
    (501) 221-0088
4   sean@sanfordlawfirm.com

5   Attorney for Plaintiff

6                 IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF ARIZONA
7                           PHOENIX DIVISION

8
    Josephine Havey, Individually and on          NO. 4:22-cv-242-TUC-SHR
9   Behalf of All Others Similarly Situated,

10                              Plaintiff,         **JOINT MOTION FOR APPROVAL
                                                   OF SETTLEMENT AGREEMENT
11          v.                                     AND FOR DISMISSAL OF THE
                                                   CASE WITH PREJUDICE**
12  The Countertop Factory Southwest,
    LLC,
13                              Defendant.

14          Plaintiffs Josephine Havey ("Named Plaintiff"), Destiny Cyr, Eddie Butierez III,

15  and Gabriel Guerra (collectively, "Plaintiffs"), and The Countertop Factory Southwest,

16  LLC ("Defendant"), by and through their respective counsel, jointly move the Court for

17  approval of the settlement agreement that resolves Plaintiffs' allegations of violations

18  of the Fair Labor Standards Act ("FLSA").

19          As grounds for the motion, the parties jointly state the following:

20          1.      On May 23, 2022, Named Plaintiff filed a Complaint alleging that

21  Defendant violated the minimum wage and overtime provisions of the Fair Labor

22

Standards Act ("FLSA"). *See* ECF No. 1. Specifically, Named Plaintiff claimed that she and others similarly situated received commissions from sales made during the course of their employment which Defendant failed to calculate into their regular rate of pay for purposes of calculating overtime earned for hours worked over 40 per week, as required by the FLSA. ECF No. 1 ¶¶ 20-22. On July 28, 2022, Named Plaintiff filed a First Amended and Substituted Complaint in which she added an allegation that she and others similarly situated were required to work through their uncompensated 30-minute lunch breaks, resulting in hours worked that went uncompensated. *See* ECF No. 15-1. Defendant denies Named Plaintiff's allegations, denies any liability or wrongdoing, and disputes that Plaintiffs are entitled to any damages.

2.      Destiny Cyr, Gabriel Guerra, and Eddie Butierez III each submitted signed Consent to Join forms, joining this case as party-plaintiffs. *See* ECFs Nos. 5, 16, & 23.

3.      After all Plaintiffs joined the case, the Parties exchanged formal and informal discovery targeted at the time worked, wages earned, and commissions received by each Plaintiff during the relevant time period. Using this information, counsel for the Parties entered into settlement discussions conducted at arm's-length and ultimately reached a settlement. The Parties have memorialized their settlement in a Collective Action Settlement Agreement ("Agreement"), a fully-executed copy of which is attached hereto as Exhibit 1.

4.      Unlike most private settlements negotiated between parties in a civil action for damages, in a FLSA case, the parties must "seek the district court's approval

of the settlement's terms to ensure that it is enforceable and fair." *Juvera v. Salcido*, 2013 WL 6628039, at *3 (D. Ariz. 2013) (citations omitted). In deciding whether to approve the parties' settlement, courts in the Ninth Circuit follow *Lynn's Food Stores, Inc. Villarreal v. Caremark LLC*, 2016 WL 5938705, at *2 (D. Ariz. May 10, 2016); *Lopez v. Arizona Pub. Serv. Co.*, 2010 WL 1403873, at *1 (D. Ariz. Jan. 27, 2010). In *Lynn's Food Stores, Inc.,* the Eleventh Circuit held that court approval is required for settlements of claims brought under the FLSA pursuant to 29 U.S.C. § 216(b). 679 F.2d at 1354-55.

5.     To be approved, an FLSA settlement agreement must constitute a "fair and reasonable resolution of a *bona fide* dispute." *Quintana v. HealthPlanOne LLC*, No. CV-18-02169-PHX-RM, 2019 WL 3342339, at *1–2 (D. Ariz. July 25, 2019); *Quiroz v. City of Ceres*, No. 1:17-CV-00444-DAD-BAM, 2019 WL 1005071, at *2 (E.D. Cal. Mar. 1, 2019) (citing *Dunn v. Teacher's Ins. & Annuity Ass'n of Am.,* No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016)); *see also Lynn's*, 679 F.2d at 1352–53. To find a *bona fide* dispute, "[t]here must be 'some doubt . . . that the plaintiffs would succeed on the merits through litigation of their [FLSA] claims.'" *Quintana*, 2019 WL 1005071, at *1 (*quoting Selk v. Pioneers Mem. Healthcare Dist.,* 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016)).

6.     The Parties have established the existence of a *bona fide* dispute; namely, Plaintiffs allege that Defendant violated the FLSA by miscalculating the proper overtime rate due to them for hours worked over 40 in any given week and that they worked hours

that went uncompensated. Plaintiffs' success in litigation is not a certainty and a legitimate dispute exists as to whether Plaintiffs are owed unpaid overtime wages or off the clock back wages.   The litigation was contested and settled after extensive negotiations between experienced wage and hour counsel for both Parties.   Serious questions of fact and law existed that placed the ultimate outcome of the litigation in doubt. *See Harris v. Wells Fargo Bank, N.A.*, No. CV-17-01146-PHX-DMF, 2019 WL 13254887, at *7 (D. Ariz. May 13, 2019), citing *Larsen v. Trader Joe's Co.*, No. 11-cv-05188, 2014 WL 3404531, at *5 (N.D. Cal. 2014) (opinions of counsel on whether a settlement is fair and reasonable should be accorded "considerable weight" because of their "familiarity with the litigation and previous experience with cases"). Accordingly, there was a *bona fide* dispute between the Parties that is fully resolved by the proposed Agreement.  Moreover, approval of the Agreement will promote the policy of encouraging settlement of litigation. *See Selk*, 159 F. Supp. 3d at 1175.

7.     For purposes of damages calculations, counsel for the Plaintiffs took the overtime rate of pay at which Plaintiffs were paid weekly, compared it to a rate which took into account each commission payment to arrive as a regular rate adjustment, and then multiplied the Plaintiffs' weekly overtime hours worked by the regular rate adjustment. Plaintiffs also provided weekly estimates of uncompensated hours worked over their lunch break.

8.     The settlement offers a significant payment, without delay, to the Plaintiffs.  Plaintiffs will receive meaningful awards after costs and attorneys' fees based

on commission earned and overtime hours worked in eligible jobs. Conversely, if the settlement is not approved, any recovery through litigation may not occur until after years of litigation and appeals, or such recovery may not occur at all after trial and appeal. For these reasons, settlement approval now should be highly favored. *See, e.g., In re BankAmerica*, 210 F.R.D. at 701 ("As courts have recognized, when considering settlement agreements, they should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability of relief in the future, after protracted and expensive litigation. In this respect, it has been held proper to take the bird in the hand instead of a prospective flock in the bush.")

9. The Parties' settlement also contains a component of attorneys' fees and costs in the amount of $6,750.00. To the extent the Court wishes to determine the reasonableness of the fees and costs agreed, Plaintiffs' counsel aver that they are reasonable. Plaintiffs' counsel has incurred 91 hours billed to this matter, at a blended rate of $204.00, taking this case from initial fact investigation and Complaint drafting, to competing filings related to certification, through discovery and damages calculations, and finally extensive settlement negotiations and finalization. In addition, Plaintiffs' counsel has incurred case costs of $471.00, consisting of a $402.00 filing fee and $69.00 service fee.

10. Both Plaintiffs and Defendant, through their respective counsel, represent to the Court that the Agreement is fair, equitable and in compliance with the policies of the FLSA.

1    WHEREFORE, the parties jointly request that the Court enter an Order

2 approving the Agreement and dismissing this matter with prejudice, with each party to

3 bear their own fees and costs, except as otherwise expressly provided in the Agreement.

4    DATED this 6th day of June, 2024.

5                                      SANFORD LAW FIRM, PLLC

6                                      BY  */s/ Sean Short*
                                       Sean Short, *Pro Hac Vice*
7                                      Kirkpatrick Plaza
                                       10800 Financial Centre Pkwy, Suite 510
8                                      Little Rock, AR  72211

9                                      Attorneys for Plaintiff Josephine Havey

                                       BRYAN CASE LEIGHTON PAISNER LLP
10
                                       BY  */s/ Kyle Hirsch*
11                                     Kyle S. Hirsch
                                       Two North Central Avenue, Suite 2100
12                                     Phoenix, Arizona 85004-4406

                                       Attorneys for Defendant Countertop
13                                     Factory Southwest LLC

14                          **CERTIFICATE OF SERVICE**

15    I hereby certify that on June 6, 2024, I electronically submitted the attached

16 document to the Clerk's Office using the CM/ECF System.

17                                      */s/ Sean Short*
                                       **Sean Short**
18

19

20

21

22